IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODNEY DEON BETHANY, §<br>  #1221925, §<br>             PETITIONER, §<br> §<br>v. §<br> §<br>DIRECTOR, TDCJ-CID, §<br>             RESPONDENT. § | CIVIL CASE NO. 3:20-CV-3031-D-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Rodney Deon Bethany's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including the entry of findings and a recommended disposition where appropriate. As detailed here, the successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

I. BACKGROUND

Petitioner was convicted of robbery and aggravated robbery of an elderly person and sentenced to life imprisonment. *State v. Bethany*, Nos. F-0400122 and F-0400123 (363rd Jud. Dist. Ct., Dallas Cty., Tex., Feb. 24, 2004), *aff'd*, Nos. 05-04-00361-CR and 05-04-00362-CR, 2005 WL 1385224 (Tex. App. – Dallas, June 13, 2005, pet. ref'd). He unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Bethany v. Thaler*, No. 3:09-CV-288-N-BF, 2011 WL 4552453 (N.D. Tex. Aug. 31, 2011), R. & R. accepted, 2011 WL 4552453 (N.D. Tex. Sep. 30, 2011) (denying federal petition on merits). This Court also transferred a successive federal habeas petition to the United States Court of Appeals for the Fifth Circuit,

which in turn denied leave to file a successive application. *Bethany v. Davis*, No. 3:18-CV-1403-D-BK, 2018 WL 3545201, at *1 (N.D. Tex. June 20, 2018), *R. & R. accepted*, 2018 WL 3537886 (N.D. Tex. July 23, 2018) (transferring successive petition), *denying authorization to file*, No. No. 18-10951 (5th Cir. Sep. 19, 2018).

By this action, Bethany again seeks to challenge his underlying convictions, raising new grounds for relief. Specifically, he raises actual innocence based on newly discovered evidence, prosecutorial misconduct, and ineffective assistance of counsel. Doc. 3 at 6-7. Bethany seeks a "protective writ" because his successive state habeas applications remain pending despite a June 4, 2019 order of remand from the Texas Court of Criminal Appeals ("TCCA") for an evidentiary hearing and two *Reminder Notices*, the second one in July 2020. Doc. 3 at 1, 4; Doc. 4 at 5; *Ex parte Bethany*, Nos. WR-69,480-07 and -08 (Tex. Crim. App.); *Bethany v. State*, Nos. W0400122-C and W0400123C (363rd Jud. Dist. Ct., Dallas Cty.).[1]

Bethany avers that "[t]he trial court's failure to conduct an evidentiary hearing denies [him] discovery of the factual bases for [his] claim" and essentially prevents him from "moving forward with his innocence claim." Doc. 4 at 2. He asserts that the state "judge's actions have created an unconstitutional process that lacks any semblance of impartiality" and "fail[s] to give Petitioner a forum to prove his innocence." Doc. 4 at 9. Bethany thus requests that his state convictions "be vacated and remanded for an evidentiary hearing." Doc. 4 at 9-10. However, Bethany has again failed to seek authorization to file a successive application challenging his convictions.

---

[1] The online docket sheets are available on the TCCA and Dallas County websites at https://search.txcourts.gov/Case.aspx?cn=WR-69,480-07&coa=coscca, https://search.txcourts.gov/Case.aspx?cn=WR-69,480-08&coa=coscca, and https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on Jan. 25, 2021).

**II.     ANALYSIS**

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (Section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (Section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Bethany must obtain such an order before he can file a successive application challenging his convictions. Because this is Bethany's second successive Section 2254 and his state habeas applications remain pending, dismissal without prejudice for want of jurisdiction—as opposed to transfer—seems appropriate. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) (addressing transferred

application); *Crone*, 324 F.3d at 838 (remanding successive application with instructions to dismiss).[2]

### III. CONCLUSION

For the foregoing reasons, the successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because Bethany has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(1) and (3).

**SO RECOMMENDED** on January 25, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] To the extent Bethany seeks a writ of mandamus to compel the state trial judge to hold an evidentiary hearing, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam); *Peters v. Tex. Court of Criminal Appeals*, 547 F. App'x 557, 558 (5th Cir. 2013) (per curiam).