IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RODNEY DEON BETHANY, §
 §
             Petitioner, §
 §
v. § CIVIL ACTION NO. 3:20-CV-3031-D
 §
DIRECTOR, TDCJ-CID, §
 §
             Respondent. §

MEMORANDUM OPINION
AND ORDER

Petitioner Rodney Deon Bethany ("Bethany") moves for relief from judgment pursuant to Fed. R. Civ. P. 60b)(6). For the reasons set out below, the court denies the motion.

I

Bethany was convicted of robbery and aggravated robbery of an elderly person and sentenced to life imprisonment. *State v. Bethany*, Nos. F-0400122 and F-0400123 (363rd Jud. Dist. Ct., Dallas Cnty., Tex., Feb. 24, 2004). He unsuccessfully challenged his convictions in state and federal habeas proceedings. *See Bethany v. Thaler*, No. 3:09-CV-0288-N (N.D. Tex. Sep. 30, 2011) (Godbey, J.) (denying petition on merits); *Bethany v. Davis*, No. 3:18-CV-1403-D (N.D. Tex. July 23, 2018) (Fitzwater, J.) (transferring successive petition). The United States Court of Appeals for the Fifth Circuit denied him leave to file a successive application. *In re Bethany*, No. 18-10951 (5th Cir. Sep. 19, 2018) (per curiam).

In 2020 Bethany filed the federal petition at issue in this case, alleging new grounds for relief —actual innocence based on newly discovered evidence, prosecutorial misconduct, and ineffective assistance of counsel. The court dismissed his petition for lack of jurisdiction because he had not obtained authorization from the Fifth Circuit to file a successive application. *See* 28 U.S.C. § 2244(b)(1) and (3). The court also denied his subsequent motion to alter or amend the judgment because he failed to satisfy the Rule 59(e) standard. The Fifth Circuit later denied Bethany authorization to file a successive application. *See In re Bethany*, No. 21-10130 (5th Cir. June 16, 2021) (per curiam).

Undeterred, Bethany filed the instant Rule 60(b)(6) motion for relief of judgment within days of the Fifth Circuit ruling. He reasserts his claims of actual innocence and newly discovered evidence, but he fails once again to make the required showing.

Because Bethany challenges the determination that his federal petition is successive, his motion to set aside the judgment is not the equivalent of a successive application. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). The court can therefore review his argument under Rule 60(b)(6). *See Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (holding that Rule 60(b) motion directed to procedural ruling that bars consideration of the merits, such as exhaustion, procedural default, or statute of limitations, is not considered a "successive" petition and is properly considered by the district court (citing *Gonzalez*, 545 U.S. at 532 n.4)). Under Rule 60(b)(6), a final judgment can be set aside for "any other reason that justifies relief." To obtain relief, however, a petitioner must show "extraordinary circumstances," which the Supreme Court has held "will rarely occur in the habeas context."

- 2 -

*Gonzalez,* 545 U.S. at 535.  Moreover, "the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014).

Bethany's latest motion fails to show the existence of extraordinary circumstances. He rehashes the newly discovered evidence and actual innocence arguments that the Fifth Circuit previously rejected in denying authorization to file a successive application. Accordingly, Bethany has not alleged, much less demonstrated, circumstances that are sufficiently extraordinary to warrant relief from final judgment under Rule 60(b)(6).

Bethany's July 7, 2021 motion for relief from judgment pursuant to Rule 60(b) motion is therefore denied.

II

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.  The court adopts and incorporates by reference § I of this memorandum opinion and order in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

- 3 -

If petitioner files a notice of appeal,

( )     petitioner may proceed *in forma pauperis* on appeal.

(**X**)     petitioner must pay the $505.00 appellate filing fee or submit a motion

to proceed *in forma pauperis*.

**SO ORDERED**.

September 2, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE